**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION**

JASON SHANE CHAPMAN,

        Plaintiff,

        v.

SHERIFF LYNN DAVIS, et al.,

        Defendants.

CIVIL ACTION NO.: 5:25-cv-60

## REPORT AND RECOMMENDATION

Plaintiff filed a Complaint, asserting claims under 42 U.S.C. § 1983.  Doc 1.  This matter is before the Court for a frivolity screening under 28 U.S.C. § 1915A.  For the reasons stated below, I **RECOMMEND** the Court **DISMISS without prejudice** Plaintiff's Complaint in its entirety.  Because I have recommended dismissal of all of Plaintiff's claims, I also **RECOMMEND** the Court **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal and **DENY** Plaintiff leave to proceed *in forma pauperis* on appeal.

## PLAINTIFF'S CLAIMS[1]

Plaintiff, a pretrial detainee, brings this suit under § 1983.  Doc. 1 at 1, 5–7.  Plaintiff sues Brantley County Sheriff Lynn Davis, Public Defender Greg Sasser, Investigator Will Kirton, Brantley County Detention Center Administrator Jason Bohanon, Assistant District Attorney

---

[1]     All allegations set forth here are taken from Plaintiff's Complaint.  Doc. 1.  During frivolity review under 28 U.S.C. § 1915A, "[t]he complaint's factual allegations must be accepted as true." Waldman v. Conway, 871 F.3d 1283, 1289 (11th Cir. 2017).

Rocky Bridges, Clerk of Superior Court Debbie Sermans, and a number of unnamed "agents" and "staff."  Id. at 4.  Plaintiff's allegations concern a series of incidents.

To start, on March 5, 2025, officers arrested Plaintiff for possession of stolen property. Id. at 5.  Plaintiff claims that officers arrested him using a warrant that "had to be fabricated." Id.  Plaintiff also claims that Defendant Kirton and the Brantley County Sheriff's Office "used hearsay information to obtain the warrant and fabricated the time and place."  Id. at 7.  Plaintiff alleges that this violated his Fourth Amendment rights.  Id.

On March 7, 2025, a county magistrate judge arraigned Plaintiff and denied bail, ostensibly because of a federal probation hold.  Id. at 5.  Plaintiff alleges that this was abuse of discretion by the magistrate judge because no probation warrant was issued until March 14, 2025.  Id.  Plaintiff claims that Defendants Davis, Kirton, and other unnamed "agents" conspired to detain Plaintiff, resulting in the denial.  Id.  Plaintiff alleges that this violated his due process rights.  Id. at 7.

Next, "[o]n or around March 14, 2025," Plaintiff alleges that an "unknown agent" met him in an interrogation room, read him his Miranda rights, and "said in a threatening manner '[Plaintiff] is never getting out' when Plaintiff refused to be interviewed without an attorney present."  Id. at 6–7.  Plaintiff also states that staff ignored his requests for paperwork relating to his financial statements and "inquiries about my due process claims."  Id. at 7.

Then, Plaintiff claims that he has been illegally detained and that he "remain[s] locked-up with no indictment[ and] no bail . . . ."  Id. at 6–7.  Plaintiff states that Brantley County Detention Center "fails state [and] federal standards and requirements to hold inmates" because, among other violations, "there is no lighting inside the cell houses."  Id. at 6.  Plaintiff also states that

Defendant Davis, Bohanon, and Bridges violated his Sixth and Fourteenth Amendment rights by holding him at Brantley County Detention Center without bail.[2] Id. at 7.

On June 4, 2025, Plaintiff states that he filed a motion requesting bail with Defendant Sermans. Id. at 6. Plaintiff also states that he complained to Defendant Bohanon about the violations of his civil rights. Id. Plaintiff further claims that his court-appointed counsel, Defendant Sasser, has been ineffective. Id. Plaintiff claims that his rights under the Fifth, Sixth, and Fourteenth Amendments "have been violated by all named Defendants by either conspiring[ or] ignoring . . . the law that states, 'an accused person detained and not indicted'" must receive bail. Id. at 7.

Plaintiff states he "wants this Court to correct the wrongs bestowed upon [his] civil rights and liberties . . . ." Id. at 8. Plaintiff requests that the Court count his time served at Brantley Detention Center towards his federal probation. Id. Plaintiff also states he "want[s] a full investigation of this judicial practice[]" and investigations into the Brantley County Sheriff's Office and Brantley County Detention Center. Id.

### STANDARD OF REVIEW

A federal court must conduct an initial screening of all complaints filed by prisoners and plaintiffs proceeding *in forma pauperis*. 28 U.S.C. §§ 1915A(a), 1915(a). During the initial screening, the court must identify any cognizable claims in the complaint. 28 U.S.C. § 1915A(b). Additionally, the court must dismiss the complaint (or any portion of the

---

[2] Plaintiff describes his claims relating to his confinement and relating to the named Defendants "conspiring" or "ignoring" the law as also being under the Eighth Amendment. Doc. 1 at 6–7. But Plaintiff is a pretrial detainee. Id. at 1. "Technically, the Fourteenth Amendment Due Process Clause, not the Eighth Amendment prohibition on cruel and unusual punishment, governs pretrial detainees[,]" but the standards are "identical." Goebert v. Lee County, 510 F.3d 1312, 1326 (11th Cir. 2007). Thus, I construe Plaintiff's allegations of violations of the Eighth and Fourteenth Amendments as being solely of his rights under the Fourteenth Amendment.

complaint) that is frivolous, malicious, fails to state a claim upon which relief may be granted, or which seeks monetary relief from a defendant who is immune from such relief.  Id.  The pleadings of unrepresented parties are held to a less stringent standard than those drafted by attorneys and thus must be liberally construed.  Haines v. Kerner, 404 U.S. 519, 520 (1972).  But Plaintiff's unrepresented status will not excuse mistakes regarding procedural rules.  McNeil v. United States, 508 U.S. 106, 113 (1993).

A claim is frivolous under § 1915(e)(2)(B)(i) if it is "without arguable merit either in law or fact."  Moore v. Bargstedt, 203 F. App'x 321, 323 (11th Cir. 2006).  In order to state a claim upon which relief may be granted, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  To state a claim, a complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not" suffice.  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).

## DISCUSSION

### I.      Conditions of Confinement Claim

Plaintiff appears to assert Fourteenth Amendment claims against Defendants Davis, Bohanon, and Bridges for their placement of Plaintiff in an "unsafe" cell house in Brantley County Detention Center.[3]  Doc. 1 at 6.

---

[3]      While the Court attempts to liberally construe Plaintiff's allegations, it does not appear that Plaintiff actually intended to assert a conditions of confinement claim.  Plaintiff merely makes a passing reference to the lighting conditions in his cell.  Plaintiff attached grievances to his Complaint and none of those grievances make any reference to the lighting conditions.  Regardless, even if Plaintiff did intend to assert such a claim, he fails to plausibly allege any constitutional deprivation.

"The Due Process Clause of the Fourteenth Amendment protects a pre-trial detainee, and the protection corresponds with that provided to prisoners by the Eighth Amendment." Harris v. Coweta County, 21 F.3d 388, 393 n.6 (11th Cir. 1994). And "the standard for providing basic human needs to those incarcerated or in detention is the same under both the Eighth and Fourteenth Amendments." Marsh v. Butler County, 268 F.3d 1014, 1024 n.5 (11th Cir. 2001), abrogated on other grounds by Bell Atl. Corp. v. Twombly, 550 U.S. 544, 561–63 (2007). Generally, prison conditions rise to the level of a constitutional violation only when they "involve the wanton and unnecessary infliction of pain." Rhodes v. Chapman, 452 U.S. 337, 347 (1981). "To mount a challenge to a condition of confinement, a prisoner must first prove the condition he complains of is sufficiently serious to violate the Eighth Amendment." Chandler v. Crosby, 379 F.3d 1278, 1289 (11th Cir. 2004). "The challenged condition must be extreme." Id. (quotation omitted). "At the very least [the prisoner must show the] condition of his confinement poses an unreasonable risk of serious damage to his future health or safety." Id. (quotations and alteration omitted). The prisoner must also show that prison officials acted with deliberate indifference to the condition at issue. Id.; Brown v. Pastrana, 446 F. App'x 270, 272 (11th Cir. 2011).

Although "[t]he Constitution does not mandate comfortable prisons," Farmer v. Brennan, 511 U.S. 825, 832 (1994), it does not allow a prisoner to be exposed to an objectively "unreasonable risk of serious damage to his future health." Chandler, 379 F.3d at 1289 (quoting Helling v. McKinney, 509 U.S. 25, 35 (1993)). Moreover, the conditions of confinement must meet "the evolving standards of decency that mark the progress of a maturing society." Estelle v. Gamble, 429 U.S. 97, 102–03 (1976) (quoting Trop v. Dulles, 356 U.S. 86, 101 (1958) (internal quotation marks omitted)). To state a successful claim, a plaintiff must show: "(1) a

substantial risk of serious harm; (2) the defendants' deliberate indifference to that risk; and (3) a causal connection between the defendants' conduct and the [constitutional] violation." Brooks v. Warden, 800 F.3d 1295, 1303 (11th Cir. 2015).

Prison conditions amount to cruel and unusual punishment only when they result in "unquestioned and serious deprivation of basic human needs." Rhodes, 452 U.S. at 347. "While prison officials must furnish prisoners with adequate food, clothing, shelter, and medical care, and must take reasonable measures to guarantee the safety of inmates, the Constitution does not mandate comfortable prisons . . . ." Grimes v. Thomas, No. 2:12-CV-01909, 2014 WL 554700, at *5–6 (N.D. Ala. Feb. 12, 2014) (internal citations and punctuation omitted), appeal dismissed, (Sept. 17, 2014). As the Eleventh Circuit observed, "The Constitution does not require that prisoners, as individuals or as a group, be provided with any and every amenity which some person may think is needed to avoid mental, physical, and emotional deterioration." Harris v. Thigpen, 941 F.2d 1495, 1511 (11th Cir. 1991).

Plaintiff states in conclusory fashion that "[t]here is no lighting inside the cell houses." Doc. 1 at 6. Plaintiff does not explain if this means there are no lights whatsoever, no lights in portions of the building, or merely inadequate lighting. Even liberally construed, Plaintiff's allegation do not rise to the level of substantial risk required for a conditions of confinement claim. See, e.g., Fischer v. Ellegood, 238 F. App'x 428, 429–30, 433–34 (11th Cir. 2007) (finding no constitutional violation where for five days, seven inmates were confined to a single cell with broken plumbing, were forced to sleep on cement floors and soiled linens, and were denied showers). Thus, I **RECOMMEND** the Court **DISMISS** Plaintiff's conditions of confinement claim.

II.     **State Court Prosecution**

Plaintiff alleges that Defendants arrested him unconstitutionally and are unlawfully detaining him with "no indictment[ and] no bail . . . ." Doc. 1 at 7. Plaintiff also asks for "this Court to correct the wrongs bestowed upon my civil rights and liberties'" and for the Court to count Plaintiff's "time served in [Brantley County Detention Center] toward[] [his] federal probation . . . ." Id. at 21. The Court construes the rest of Plaintiff's claims as seeking injunctive relief relating to his criminal prosecution in state court.

Plaintiff is in effect asking the Court to intervene in a state court criminal prosecution. Federal courts should not intervene in ongoing state criminal proceedings, except in the most extraordinary circumstances and upon a clear showing of both great and immediate harm. Younger v. Harris, 401 U.S. 37, 44–46 (1971); see also Newsome v. Broward Cnty. Pub. Defenders, 304 F. App'x 814, 816 (11th Cir. 2008) ("[F]ederal courts ordinarily must refrain from deciding the merits of a case when (1) there is a pending state judicial proceeding; (2) the proceeding implicates important state interests; and (3) the parties have an adequate opportunity to raise any constitutional claims in the state proceeding."). In Younger, the United States Supreme Court reaffirmed "the settled doctrines" and "longstanding public policy" federal courts should not intervene in an ongoing state criminal prosecution "when the moving party has an adequate remedy at law and will not suffer irreparable injury if denied equitable relief." 401 U.S. at 49–50.

Plaintiff has provided no reason he would be unable to raise his federal constitutional claims in the state courts. Without extraordinary circumstances justifying this Court's intervention, abstention would ordinarily be appropriate. Therefore, Plaintiff's claims for injunctive relief should be dismissed without prejudice. See Jackson v. Georgia, 273 F. App'x 812, 813–14 (11th Cir. 2008) (affirming sua sponte dismissal under § 1915A based on Younger-

abstention); Smith v. Mercer, 266 F. App'x 906, 908 (11th Cir. 2008) (noting that "[a] dismissal pursuant to the Younger-doctrine is without prejudice[] and does not preclude later re-filing of the complaint"). Thus, I **RECOMMEND** the Court **DISMISS without prejudice** Plaintiff's claims relating to his criminal prosecution in state court.

### III.    Leave to Appeal *in Forma Pauperis*

The Court should also deny Plaintiff leave to appeal *in forma pauperis*. Though Plaintiff has not yet filed a notice of appeal, it is proper to address these issues in the Court's order of dismissal. See Fed. R. App. P. 24(a)(3) (noting that trial court may certify appeal of party proceeding *in forma pauperis* is not taken in good faith "before or after the notice of appeal is filed").

An appeal cannot be taken *in forma pauperis* if the trial court certifies the appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). Good faith in this context must be judged by an objective standard. Busch v. County of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999). A party does not proceed in good faith when he seeks to advance a frivolous claim or argument. See Coppedge v. United States, 369 U.S. 438, 445 (1962). A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless. Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993). An *in forma pauperis* action is frivolous and not brought in good faith if it is "without arguable merit either in law or fact." Moore v. Bargstedt, 203 F. App'x 321, 323 (11th Cir. 2006) (quoting Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001)); see also Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

Based on the above analysis of Plaintiff's claims, there are no non-frivolous issues to raise on appeal, and an appeal on these claims would not be taken in good faith. Thus, the Court should **DENY** Plaintiff *in forma pauperis* status on appeal.

## CONCLUSION

For the reasons stated above, I **RECOMMEND** the Court **DISMISS without prejudice** Plaintiff's Complaint in its entirety. Because I have recommended dismissal of all of Plaintiff's claims, I also **RECOMMEND** the Court **DIRECT** the Clerk of Court to this case and enter the appropriate judgment of dismissal and **DENY** Plaintiff leave to proceed *in forma pauperis* on appeal.

Any objections to this Report and Recommendation shall be filed within 14 days of today's date. Objections shall be specific and in writing. Any objection that the Magistrate Judge failed to address a contention raised in the Complaint must be included. Failure to file timely, written objections will bar any later challenge or review of the Magistrate Judge's factual findings and legal conclusions. 28 U.S.C. § 636(b)(1)(C); Harrigan v. Metro Dade Police Dep't Station #4, 977 F.3d 1185, 1192–93 (11th Cir. 2020). To be clear, a party waives all rights to challenge the Magistrate Judge's factual findings and legal conclusions on appeal by failing to file timely, written objections. Harrigan, 977 F.3d at 1192–93; 11th Cir. R. 3-1. A copy of the objections must be served upon all other parties to the action.

Upon receipt of Objections meeting the specificity requirement set out above, a United States District Judge will make a de novo determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge. Objections not meeting the specificity requirement set out above will not be considered by a District Judge. A

9

party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit.  Appeals may be made only from a final judgment entered by or at the direction of a District Judge.

**SO REPORTED and RECOMMENDED**, this 23rd day of February, 2026.

BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

10